Terrence J. Donahue
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile No.: (253) 272-5732

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br>SHIRLEY ATKINS,<br>　　　　　　　　　　　　Debtor. | No. 05-46578 |
| MICHAEL D. HITT, Chapter 7 Trustee for the bankruptcy estate of Shirley Atkins,<br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>KYLE R. WICHERN and "JANE DOE" WICHERN, individually and as husband and wife; and MATTHEW J. RHEA and "JANE DOE" RHEA, individually and as husband and wife,<br>　　　　　　　　　　　　Defendants. | Adversary No.<br><br>COMPLAINT TO AVOID TRANSFER |

COMES NOW Michael D. Hitt, Plaintiff or Trustee, by and through his attorneys Eisenhower & Carlson, PLLC and Terrence J. Donahue, and for causes of action against Defendants, asserts and alleges as follows:

**I.**

This Court has jurisdiction over this matter pursuant o 28 U.S.C. § 157, and this matter is a core proceeding.

**II.**

On or about July 20, 2005, Shirley Atkins ("Debtor") filed her Chapter 7 bankruptcy

COMPLAINT TO AVOID TRANSFER - 1

00328780.DOC

proceeding in the United States Bankruptcy Court for the Western District of Washington at Tacoma, Case No. 05-46578 ("Bankruptcy Proceeding").

### III.

Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Shirley Atkins in the above-referenced Bankruptcy Proceeding.

### IV.

On information and belief, Defendant Kyle R. Wichern is a resident of Pierce County, Washington, and Kyle R. Wichern and "Jane Doe" Wichern ("Defendant Wichern") form a marital community under the laws of the state of Washington. All acts alleged of either Defendant were done on their own individual behalf and behalf of their marital community.

### V.

On information and belief, Defendant Matthew J. Rhea is a resident of Pierce County, Washington, and Matthew J. Rhea and "Jane Doe" Rhea ("Defendant Rhea") form a marital community under the laws of the state of Washington. All acts alleged of either Defendant were done on their own individual behalf and behalf of their marital community.

### **FIRST CAUSE OF ACTION**

### VI.

The allegations contained in Paragraphs I through V are realleged and incorporated herein by this reference.

### VII.

In or around May 7, 2005, Defendant Wichern and Defendant Rhea entered into a Residential Real Estate Purchase and Sale Agreement Specific Terms with addendum thereto for the purchase of property located at 4315 S. Sheridan Avenue, Tacoma, Washington from Debtor ("PSA"). The PSA provides for a purchase price of $200,000.00 and further included a residential lease with option to purchase, which allowed Debtor to lease the property from said Defendants upon their purchase, with an option to essentially repurchase the property for the payoff of the then current mortgage note at the end of the twelfth month thereafter.

COMPLAINT TO AVOID TRANSFER - 2

00328780.DOC



**VIII.**

Closing statements concerning the sale, as provided for by the PSA, indicate that the purchase price was changed to $162,000.00. At closing, it appears that Debtor's underlying mortgage was paid, and two new mortgages were placed on the property for $129,600.00 and $31,817.68, representing loans by Defendants to purchase the subject property. Upon paying closing costs, Debtor was to receive cash of approximately $24,808.76.

**IX.**

The net sale proceeds of $24,808.76 were evidenced by a check, which was cashed and three cashier's checks were issued therefore, one to each named Defendant for $10,154.38, and one to Joyce Mosley for $3,000.00.

**X.**

Upon Trustee's investigation, Trustee can find no basis for the funds paid to each Defendant in excess of $10,000.00 each.

**XI.**

The transfers from Debtor to Defendants in the amount of $10,154.38 each represents a transfer that was made on or within one year before the date of filing of the Bankruptcy Proceeding, for which Debtor received less than the reasonably equivalent value in exchange therefore, while Debtor was insolvent and/or while she was presumed to be insolvent, and constitutes a fraudulent conveyance pursuant to 11 U.S.C. §548 *et seq.* and/or RCW 19.40 *et seq.*, which is subject to avoidance and/or entitles Trustee to recover for the benefit of the estate the value of such property transferred in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for the following relief:

1. For determination that Debtor's transfer of $10,154.38 to Defendant Wichern and to Defendant Rhea is subject to avoidance pursuant to 11 U.S.C. § 548 *et seq.* and/or RCW 19.40 *et seq.* and/or the Trustee is entitled to recover the value of the property conveyed and for judgment against said Defendant in an amount to be proven at trial;

2. For Plaintiff's attorneys' fees and costs in pursuing this matter;

COMPLAINT TO AVOID TRANSFER - 3

00328780.DOC

EISENHOWER
EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732

1        3.     For interest accruing on the amount awarded herein from the date of the
2 transfers forward; and
3        4.     For such other and further relief as the Court deems just and proper in the
4 premises.

5        DATED this 13th day of April, 2006.

6                                   EISENHOWER & CARLSON, PLLC

8                                   By:   /s/   Terrence J. Donahue
9                                          Terrence J. Donahue, WSBA #15193
                                           Attorneys for Plaintiff

EISENHOWER
EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732